UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-80192-Cr-Hurley

UNITED STATES OF AMERICA,

v.

ADAM VASQUEZ,

    Defendant.
_____/



## REPORT & RECOMMENDATION

    Defendant, ADAM VASQUEZ, appeared before the Court on March 6, 2018, represented by counsel, for a final hearing on four alleged violations of supervised release. For the following reasons, the Court recommends that Defendant be found guilty of all four violations.

### I.    BACKGROUND

    Defendant was originally convicted of conspiracy to possess with intent to distribute at least 500 grams of cocaine and at least 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B), a Class B felony. Defendant was originally sentenced to 52 months in prison, which was reduced to 42 months on November 1, 2015, to be followed by four years of supervised release. After serving the prison portion of his sentence, Defendant commenced his term of supervised release on October 18, 2016.

    Defendant is now charged with the following four violations of supervised release: (1) attempted first degree murder with a firearm, contrary to Florida law, (2) shooting into an occupied vehicle, contrary to Florida law, (3) being a felon in possession of a firearm, contrary to Florida law, and (4) possessing a firearm on November 2, 2017.

## II. FINAL HEARING

At the final hearing, the Court heard testimony from two Government witnesses—Palm Beach County Deputy Sheriff Leonard Crawford and Palm Beach County Detective James Grindey. The Government also introduced ten exhibits consisting of several photographs, one video, a 911 call, and copies of text messages. Below, the Court will summarize the pertinent evidence adduced at the hearing.

Palm Beach County Deputy Sheriff Leonard Crawford testified first. Deputy Sheriff Crawford explained that he responded to the scene of a shooting at approximately 1:00 a.m. on October 23, 2017 after the victim called 911 to report she had been shot at. Deputy Sheriff Crawford testified that the victim reported being shot at while sitting in her car which was located in the driveway of her residence in Lake Worth, Florida. Deputy Sheriff Crawford located a bullet hole in the door frame of the driver's door and a hole in the passenger side window of the victim's vehicle, of which he took photographs. *See* Gov. Exhibits 1-7. The victim was not physically injured, but appeared to be shaken. The victim could not identify the shooter; however, she subsequently identified the Defendant as the shooter the following night.

Palm Beach County Detective James Grindey testified that he spoke with the victim on the telephone on October 26, 2017, after multiple attempts at contacting her. The victim was interviewed in person on October 30, 2017. Detective Grindey testified that the victim identified Defendant by name and said Defendant was on federal probation. The victim was shown a photo array and identified Defendant as the shooter. The victim stated she was starting to back her car out of her driveway when she heard three shots and heavy panting while seated in the driver's seat of the car, and when she turned she saw Defendant

2

approximately 20 to 30 feet away from the car. The victim explained that she initially did not identify the Defendant because of her live-in boyfriend's involvement in a drug transaction with Defendant and because the victim feared for her family's safety. The victim and her boyfriend told law enforcement that her boyfriend owed Defendant money and that Defendant sent the victim's boyfriend threatening text messages after the shooting incident, stating in one text message that he "will find" the boyfriend, "hit [his] target" and there "aint no missing this time." Gov. Exhibit 9A.

On November 2, 2017, Detective Grindey interviewed Defendant, and post-*Miranda*, Defendant admitted to shooting four rounds at the victim's car, and that Defendant believed the victim's boyfriend was the occupant of the car. *See* Gov. Exhibit 10, Video of Interview. Defendant stated the victim's boyfriend owed him $3,000 for a loan unrelated to drugs, and that the text messages he sent the victim's boyfriend were not death threats, but only threats to beat him up. Defendant further stated that he threw the firearm that he used to shoot at the victim's car into the Intracoastal Waterway after the shooting, that same night. Law enforcement was not able to recover the firearm from the Intracoastal Waterway or any shell casings from the crime scene.

### III. DISCUSSION

A district court may revoke a Defendant's term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of [his] supervised release." 18 U.S.C. § 3583(e)(3); *see U.S. v. Trainor*, 376 F.3d 1325, 1331 (11th Cir. 2004) (the preponderance of the evidence standard requires only that the trier of fact believe that "the existence of a fact is more probable than its nonexistence"). "[A]n explicit condition of supervised release[ ] [is] that the defendant not commit another Federal, State,

or local crime during the term of supervision." 18 U.S.C. § 3583(d). Determining whether a defendant violated a condition of his supervised release depends on his actual conduct, not whether he was charged with, or convicted of, a crime. U.S.S.G. § 7B1.1 cmt. n. 1.

As to violation one, alleging a violation of Florida law for attempted first degree murder with a firearm, the Court recommends that Defendant be found GUILTY. To find a defendant guilty of attempted first degree murder under § 782.04(1), Fla. Stat., there must be evidence that "1) the defendant did some act intended to cause the death of the victim that went beyond just thinking or talking about it; 2) the defendant acted with a premeditated design to kill the victim; and 3) the act would have resulted in the death of the victim except that someone prevented the defendant from killing the victim or the defendant failed to do so." *Chatfield v. U.S.*, 2017 WL 1066776, *15 (S.D. Fla. Mar. 2, 2017).

At the hearing, Defendant argued that extrinsic proof of the corpus delicti, or independent evidence that the harm occurred, apart from Defendant's admission, must be set forth by the Government for the Court to find that Defendant violated his supervised release by violating Florida law. In support, Defendant cited to *U.S. v. Micieli*, 594 F.2d 102 (5th Cir. 1979) (*citing Opper v. U.S.*, 75 S.Ct. 158 (1954); *Smith v. U.S.*, 75 S.Ct. 194 (1954)). It is unclear whether the corpus delicti standard applies to the instant matter. However, even if it does apply, the Court finds that the Government has set forth sufficient independent evidence for each element of the offense to establish by a preponderance of the evidence that Defendant committed attempted first degree murder with a firearm.

The testimony and other corroborating evidence presented demonstrate that Defendant acted with a premeditated design to kill the victim, did commit some act intending to kill the victim (fire shots from his firearm), which would have resulted in her

death except the bullets from his firearm failed to hit her. Evidence presented showed that Defendant was owed a debt by the victim's live-in boyfriend, Defendant was angry about not being paid, Defendant appeared at the victim's residence with a firearm, and Defendant fired multiple shots from his firearm at the victim's car while she was occupying it. In addition to Defendant's video-taped admission, the Court relies on the 911 phone call made by the victim immediately after the incident in which she describes being shot at while sitting in her car in front of her residence, the photographs of the victim's car taken by Deputy Sheriff Crawford shortly after the incident evidencing bullet holes in the window and door frame, and text messages between Defendant and the victim's boyfriend indicating that Defendant would not miss his target the next time. The Court specifically chooses not to rely upon the victim's identification of the Defendant as the Government chose not to call the victim as a witness.

As to violation two, alleging a violation of Florida law for shooting into an occupied vehicle, the Court recommends that Defendant be found GUILTY. Section 790.19, Fla. Stat. "requires proof of the following three elements: (1) the defendant shot a firearm; (2) he or she did so at, within, or into a vehicle of any kind that was being used or occupied by any person; and (3) he or she did so wantonly or maliciously." *Valdez v. State*, 3 So. 3d 1067, 1071 (Fla. 2009). As explained above, there is ample evidence establishing by a preponderance of the evidence that Defendant wantonly and maliciously shot a firearm at the victim's vehicle knowing it was occupied.

As to violations three and four, alleging that Defendant violated Florida law by being a felon in possession of a firearm and for possessing a firearm on November 2, 2017, the Court recommends that Defendant be found GUILTY. As explained above, there is ample

evidence establishing by a preponderance of the evidence that Defendant, a convicted felon, possessed a gun on the night of the incident, although it was not recovered by law enforcement.

### IV.     **RECOMMENDATION**

Based on the foregoing, the Court RECOMMENDS that the District Court find Defendant:

1. GUILTY of violations one, two, three, and four; and
2. That this matter be set down for sentencing before U.S. District Judge Daniel T.K. Hurley.

### V.     **NOTICE OF RIGHT TO OBJECT**

A party shall serve and file written objections, if any, to this Report and Recommendation with U.S. District Judge Daniel T.K. Hurley, within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. *See U.S. v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982) *cert. denied*, 460 U.S. 1087 (1983).

DONE AND RECOMMENDED in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of March, 2018.

*(signature)*
DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE